IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JAMES LAMBERT | PLAINTIFF |
| V. | CIVIL ACTION NO. 4:22-CV-00109-JMV |
| MDOC, et al. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of James A. Lambert, who challenges the conditions of his confinement under 42 U.S.C.§ 1983.[1] On January 5, 2023, the Court entered an Order directing Lambert to show cause why named Defendants, and as a result the case in its entirety, should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 38. Lambert filed his response to the show cause order on January 17, 2023, largely reiterating the allegations and claims from his complaint and related filings. *See* Doc. # 40. Apart from these repeated factual allegations, Lambert advanced numerous legal conclusions and quotations of, and citations to, authority without substantive support. *See id.* Upon due consideration, the Court finds Lambert's arguments unavailing; he has not shown cause, and, for the reasons set forth below, the Court finds that Lambert's claims should be dismissed for failure to state a claim upon which relief can be granted.

## Plaintiff's Allegations

In the instant matter, Lambert identifies a litany of grievances concerning his confinement in the custody of the Mississippi Department of Corrections ("MDOC"). He first complains generally about the conditions of his confinement, i.e., alleged unsanitary conditions, overcrowding, subpar nutrition, non-working bathroom facilities, during his incarceration at

---

[1] For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit.

three different MDOC facilities. Lambert additionally avers that he suffered a denial and/or delay of appropriate medical care for a cyst under his left arm. He further alleges that MDOC's classification system is unfair and even violates its own internal policy and procedure. Lambert also asserts that he was wrongfully denied parole due to MDOC's classification system and failure to give him credit for all time that he spent incarcerated in the Oktibbeha County Jail prior to entering MDOC custody. And relatedly, Lambert opines that the Mississippi Parole Board unconstitutionally denied him parole. Lastly, Lambert complains that MDOC violated its policy of placing inmates as close to family as possible when it transferred him from the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi to the South Mississippi Correctional Institution ("SMCI") located in Leakesville, Mississippi.

In the instant matter, Lambert names MDOC, including its Records Department, Classification Department, and Medical Records Department, former MDOC Commissioner Pelicia Hall, the Mississippi Parole Board, Investigator Raniece Matthews, and Captain Hartfield as Defendants in this matter.

## **MDOC Not a "Person" Under 42 U.S.C. § 1983**

As an initial matter, the complaint fails to state a claim against MDOC (and its departments) under Section 1983 because MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. *See* Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006). Consequently, Lambert's claims against MDOC (and its departments) should be dismissed for failure to state a claim upon which relief could be granted, as MDOC is not a proper defendant under 42 U.S.C. § 1983.[2]

## Claims Regarding Actions of the Parole Board

As to Lambert's claim regarding denial of parole, the plaintiff's § 1983 claims based upon the violation of state law should be dismissed for failure to state a claim upon which relief could be granted; violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Next, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, the prisoners cannot mount a procedural or substantive due process challenge to the actions of the parole board. *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

---

[2] The Court believes that if an inquiry were conducted, the Mississippi Parole Board would most likely be considered an arm of the state and, as a result, would not be amenable to suit under Section 1983.

Mississippi parole statutes do not, however, bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge the decisions of the parole board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984). Therefore, the plaintiff's due process claims should be dismissed for failure to state a claim upon which relief could be granted. The plaintiff's final claim, equal protection, must fail, as well, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently, to the plaintiff's detriment; thus, this final claim should be dismissed for failure to state a claim upon which relief could be granted. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). In sum, Lambert's claim(s) regarding the denial of parole against the Mississippi Parole Board should be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

## Supervisor Liability

Additionally, Lambert's claims against former MDOC Commissioner Pelicia Hall and Captain Hartfield fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir.

4

2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Lambert's filings contain no allegations of personal involvement by former MDOC Commissioner Pelicia Hall. In fact, in his response, Lambert *appears* to concede any claims against Hall.[3] *See* Doc. # 40, pp. 1, 3. As to Captain Hartfield, Lambert identifies him as the Warden of SMCI but otherwise fails to allege any wrongdoing on his part other than he was present during a transfer of cells. As such, Defendants Hall and Hartfield have been named defendants in this action merely due to their positions of authority within MDOC; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

For these reasons, Plaintiff's claims against Defendants Hall and Hartfield should be dismissed for failure to state a constitutional question.

### Inmates Not Entitled to Privileges or Specific Housing Assignment or Classification; Defendant's Participation in Grievance Process Does Not Give Rise to § 1983 Claim

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner housing assignments and

---

[3] Lambert does reference current MDOC Commissioner Burl Cain in his show cause response, but Lambert did *not* name Cain as a defendant in his complaint nor previous related filings. *See* Doc. # 40, pp. 1, 3.

5

classification are matters squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Similarly, the denial of privileges (such as commissary, visitation, and time out of one's cell) does not rise to the level of a liberty interest protected by due process. *See Sanchez v. Allen*, 611 F. App'x 792, 794 (5th Cir. 2015) (per curiam). Likewise, even when the deprivations described above violate department of corrections rules, the inmate is not entitled to relief under 42 U.S.C. § 1983. *Id*. In addition, a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007).

As such, Lambert's claims regarding his classification status and improper administration of the grievance procedure should be dismissed. Likewise, Lambert's claim against Investigator Raniece Matthews should be dismissed as his allegations against Matthews are limited to her involvement in MDOC's grievance process, which do not implicate due process or equal protection.

## Conclusion

Based on the foregoing discussion, the Court finds that Lambert has failed to state a claim upon which relief can be granted against the named defendants. Accordingly, the instant complaint is hereby **DISMISSED**, and all named defendants are **DISMISSED with prejudice** from this action. The Court further finds that this dismissal shall count as a "strike" under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(g).

**SO ORDERED**, this the 26th day of January, 2023.

/s/ Jane M. Virden
**JANE M. VIRDEN**
**UNITED STATES MAGISTRATE JUDGE**